NO. 07-04-0340-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 24, 2004

_____

TROY DANTE STEPTOE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 34,247-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Troy Dante Steptoe attempts to bring an appeal from his 1996 prosecution for conspiracy to commit murder. Finding we have no jurisdiction, we will dismiss.

Steptoe filed a notice of appeal with the district clerk in trial court cause number 34,247-D on April 7, 2004. His notice of appeal alleged he was convicted of conspiracy to commit murder on June 3, 1996, and requested an out-of-time appeal. It also requested

appointment of counsel and a free record on appeal. The notice of appeal was forwarded to this court and filed June 29, 2004. The record consists of a June 13, 1996 motion and order dismissing cause number 34,247-D for the reason that Steptoe had been convicted of another offense in cause number 36,425-C and sentenced to 40 years confinement.

By letter dated July 23, 2004, we informed Steptoe this court has no authority to grant an out-of-time appeal and that an untimely notice of appeal does not vest this court with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Tex. R. App. P. 26.2(a). We also advised him this court's jurisdiction is limited to judgments of guilt or other appealable orders. *See* Tex. R. App. P. 25.2(a)(2). We requested a response showing why the appeal should not be dismissed for want of jurisdiction.

The only response we have received is a "Motion for Docketing Statement" filed August 2, 2004. This document seeks to provide the information required by Rule of Appellate Procedure 32.2. Unlike the matters raised in our July 23, 2004 letter, the failure to file a docketing statement does not affect our jurisdiction. *See* Tex. R. App. P. 32.4. Steptoe's response fails to provide any basis on which we can find we have jurisdiction over his appeal. To be timely, a notice of appeal must be filed within 30 days after the day sentence is imposed unless a timely motion for new trial is filed, in which case appeal must be perfected within 90 days after the imposition of sentence. Tex. R. App. P. 26.2(a).[1] A motion for new trial must be filed no later than 30 days after imposition of the sentence. Tex. R. App. P. 21.4. In the absence of jurisdiction we can take no action other than to

_____

[1]The same deadlines applied under former Rule 41(b)(1) applicable at the time of appellant's conviction.

dismiss the appeal.  *Slaton*, 981 S.W.2d at 210.  Lacking jurisdiction over the appeal, we dismiss it.

Per Curiam

Do not publish.